# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jane Doe<br><br>        Plaintiff,<br>v.<br><br>Presence Chicago Hospitals Network, AMITA Health, AMITA Health Medical Group, AMITA Health Saint Joseph Hospital Chicago, Presence Saint Joseph Hospital Chicago, AMITA Health Outpatient Pharmacy – Saint Joseph Hospital Chicago, and/or Presence Chicago Hospitals Network d/b/a AMITA Health Saint Joseph Hospital Chicago,[1] and Theodore B. Handrup, Jr.<br><br>        Defendants. | Jury Trial Demanded |

## COMPLAINT

Plaintiff Jane Doe, through her attorneys, Stowell & Friedman, Ltd., hereby file her Complaint against Defendants Presence Chicago Hospitals Network d/b/a AMITA Health Saint Joseph Hospital and Theodore B. Handrup, Jr.

## JURISDICTION AND VENUE

1.  Plaintiff's claim arises under the Illinois Gender Violence Act ("IGVA") and Illinois common law.

---

[1] The entity listed with a Certificate of Good Standing to do business in Illinois is Presence Chicago Hospitals Network. The Secretary of State's website lists a series of assumed names related to Presence Chicago Hospitals Network. Those assumed names include AMITA Health Saint Joseph Hospital Chicago, Presence Saint Joseph Hospital Chicago, and AMITA Health Outpatient Pharmacy – Saint Joseph Hospital Chicago. Plaintiff worked at Saint Joseph Hospital, and her intention is to name any and all names and entities affiliated with Saint Joseph Hospital, including AMITA Health. Plaintiff also intends to name Theodore B. Handrup, Jr., separately and in addition to these entities.

462385

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

3. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## **PARTIES**

4. Defendant Presence Chicago Hospitals Network d/b/a AMITA Health Saint Joseph Hospital Chicago ("St. Joseph") places nursing students with clinical instructors or "preceptors" to gain firsthand experience in their fields. Defendant Dr. Theodore Handrup, Jr., MD. ("Handrup") is the Medical Director of the Adult Inpatient Psychiatric Unit at St. Joseph and runs a private outpatient clinic.

5. Plaintiff Jane Doe ("Doe") is a 36-year-old woman who resides in New Mexico. She was a graduate nursing student from 2011 through 2015, when she graduated with a Master of Science Degree. Doe also worked at St. Joseph as a part-time nurse from 2014-2015 and was assigned to work as a nurse practitioner student under the supervision of Handrup in 2015.

## **FACTUAL ALLEGATIONS**

6. Doe started as a nursing student in 2011 after earning her bachelor's degree in psychology from New York University. Doe thrived in the program, serving as a teaching assistant and participating in the nursing honor society. Doe also worked as a part-time nurse at St. Joseph.

7. Before Doe could graduate, she was required to complete substantial hours earned through clinical practicum. Every semester, nurse practitioner students are assigned to clinical preceptors to supervise their placements. In January 2015, Doe was assigned to Handrup's supervision.

8. Almost immediately, Handrup began subjecting Doe to inappropriate behavior. He frequently made demeaning statements about patients, often using racial slurs. His interactions with Doe were frequently sexually tinged. For example, on one occasion he explained that the fan in his office was installed for "blow jobs." Even after Doe complained to Handrup that his comments were inappropriate, his behavior continued. In fact, Handrup explained that he could act with impunity, telling Doe, "I am king. I can do anything I want here," or words to that effect.

9. On or about February 12, 2015, Doe was observing Handrup as he interviewed a traumatized female patient. As the patient recounted the horrific details of her recent rape, Handrup began stroking and squeezing Doe thigh under the table that separated Doe and Handrup from the patient. Doe felt paralyzed, unable to move or voice her objections. As soon as the interview ended, she left the clinical area. The sexual battery triggered the memory of a previous trauma, and Doe has since suffered from nightmares and panic attacks.

10. Doe recalled Handrup's earlier declaration that he was untouchable and did not know where to turn. She feared Handrup would retaliate against her if she complained and possibly prevent her from graduating that December.

11. On February 14, 2015, Doe called her mentor, upset. Doe explained that Handrup had sexually assaulted her at St. Joseph and that she was now experiencing extreme emotional distress. Doe expressed that this teaching associate was "the only one [she could] trust," or words to that effect.

12. Doe does not recall anyone other than the teaching associate even asking how she was, let alone an investigation. If St. Joseph completed an investigation, no one let Doe know the

outcome thereof. In fact, Doe continued to see Handrup at St. Joseph in her capacity as a detox nurse.

13. This was not the only incident Handrup has had with a student. Instead, his treatment of Doe was consistent with his behavior toward other nursing practitioner students. After Doe's complaint, her school pulled its students from St. Joseph because of this pattern of behavior.

14. Doe graduated in the Spring 2015 and began working as a psychiatric nurse practitioner in Chicago. She continued to suffer emotional distress stemming from the incident with Handrup. Before long, Doe felt compelled to move to warmer climates in hopes that the sunshine would help her recover. To this day, however, Doe continues to suffer from insomnia, flashbacks, nightmares, and chronic depression as a result of her experience at St. Joseph.

15. Doe has suffered emotional distress, loss of enjoyment of life, and lost wages as a result of Defendants' unlawful conduct.

## COUNT I
## ILLINOIS GENDER VIOLENCE ACT
## 740 ILCS 82/1 *et seq.*

16. Doe realleges the above paragraphs and incorporates them by reference as though fully stated herein as part of Count I of this Complaint.

17. The Illinois Gender Violence Act ("IGVA") provides that "[a]ny person who has been subjected to gender-related violence as defined in Section 5 may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence." 740 ILCS § 82/10.

18. Gender-related violence is defined in section 5 to include an act or threat of violence or "physical aggression satisfying the elements of battery under the laws of Illinois that

4

are committed, at least in part, on the basis of a person's sex;" or an act or threat of "physical intrusion or physical invasion of a sexual nature under coercive conditions." 740 ILCS § 82/5.

19. "Perpetrating" an act of gender-related violence means "either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence." 740 ILCS § 82/10.

20. St. Joseph is subject to the IGVA under Illinois's liberal construction of the term "'persons' as well because all words referring to or importing persons to include bodies politic and corporate as well as individuals." 5 ILCS § 70-/1.05; *Gasic v. Marquette Mgmt., Inc.*, 2019 IL App (3d) 170756, ¶ 16.

21. St. Joseph knew or should have known that Handrup had a propensity for sexual harassment, unwanted touching, and other inappropriate conduct based on previous complaints.

22. St. Joseph personally assisted Handrup in committing gender-related violence and/or sexual assault in coercive conditions; St. Joseph continued to employ Handrup despite its knowledge of previous incidents.

23. St. Joseph personally assisted Handrup in committing gender-related violence and/or sexual assault in coercive conditions against Doe by failing to respond to previous complaints of Handrup's misconduct and failing to properly supervise or discharge Handrup to avoid battery and assault. St. Joseph took no action against Handrup in response to Doe's complaint such that Doe was forced to leave the clinic.

24. Handrup sexually assaulted Doe in the scope and course of his employment with St. Joseph by stroking and squeezing his clinical student's thigh in a private exam room while a female patient detailed her recent rape.

25. As a result of Handrup's gender-related violence, Doe is entitled to damages and other appropriate relief, including emotional distress, punitive damages, and attorney's fees and costs. 740 ILCS § 82/15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants Presence Chicago Hospitals Network d/b/a AMITA Health Saint Joseph Hospital Chicago and Theodore B. Handrup, Jr. as follows:

a. Declare that Defendants' acts and conduct are unlawful and violate the IGVA;

b. Award Plaintiff the value of all compensation and benefits lost as a result of Defendants' unlawful conduct;

c. Award Plaintiff the value of all compensation and benefits she will lose in the future as a result of Defendants' unlawful conduct;

d. Award Plaintiff compensatory damages, including but not limited to lost future wages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

e. Award Plaintiff punitive damages under the IGVA;

f. Award Plaintiff prejudgment interest and attorneys' fees, costs and disbursements, as provided by law; and

g. Award Plaintiff such other make whole equitable, injunctive, and legal relief as this Court deems just and proper to end the discrimination and fairly compensate Plaintiff.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Respectfully Submitted,

*/s/ Linda Friedman*
Attorney for the Plaintiff
STOWELL & FRIEDMAN, LTD.

6

Linda D. Friedman
**STOWELL & FRIEDMAN, LTD.**
303 W. Madison
Suite 2600
Chicago, Illinois 60606
Phone: 312.431.0888
Fax:     312.431.0228